UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHAWN L. DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>DALE TAYLOR and<br>HASMAKHBHAI CHAUDHRY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 1:20-cv-189-TRM-CHS<br>)<br>)<br>)<br>)<br>) |

**REPORT AND RECOMMENDATION**

**I.    Introduction**

*Pro se* prisoner Shawn L. Davis has filed an action seeking damages pursuant to 42 U.S.C. § 1983 against Defendant, Officer Dale Taylor, and Defendant, Hasmakhbhai Chaudhry. [Doc. 1]. Mr. Davis filed an application to proceed in forma pauperis [Doc. 4] which this Court has granted [Doc. 8].

For the reasons set forth below, it is **RECOMMENDED** that no process issue and that this action be **DISMISSED** for failure to state a claim upon which relief may be granted.

**II.    Plaintiff's Complaint**

Mr. Davis' lawsuit arises from his arrest, subsequent prosecution, and a 2014 conviction for robbery in federal court. Plaintiff does not provide much detail in his complaint, but he states, "Officer Dale Taylor's investigation, actions of arrest and subsequent perjury deprived the plaintiff of the basic human rights of freedom, liberty and the pursuit of happiness." [Doc. 1, Complaint at 1-2]. Plaintiff alleges that Mr. Chaudhary was the owner of the Mobile gas station in Chattanooga, Tennessee, which was robbed on April 3, 2013. [*Id.* at 2]. He further alleges that Mr. Chaudhry originally denied to police that Mr. Davis was the robber, but, at trial, Mr. Chaudhry lied and

1

identified him as the robber. [*Id.*] Mr. Davis states that Mr. Chaudhry deprived him of "his freedom, liberty, and right to happiness." [*Id.*].

## III. Discussion

### A. Standard of Review

Pursuant to 28 U.S.C. §1915(e)(2), in a case where the plaintiff has filed an in forma pauperis application, "the court shall dismiss that case at any time if the court determines that— (A) the allegation of poverty is untrue; or (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The standard required by §1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam); *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555.) Further, the complaint must also state "a plausible claim." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Well-pleaded facts that permit the court to infer no more than a mere possibility of misconduct will not permit a complaint to survive a motion to dismiss. *Id.* Finally, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

2

B.    Analysis

It appears that Plaintiff is attempting to have his underlying conviction for robbery vacated by filing an action under 42 U.S.C. § 1983. "[C]ivil torts actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," and a plaintiff cannot use a civil torts action to collaterally attack a criminal conviction unless his criminal judgment "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* addressed the viability of a claim for damages brought under 42 U.S.C. § 1983 challenging the constitutionality of a conviction and subsequent imprisonment. *Id.* "*Heck* precludes a prisoner from maintaining a civil rights action for damages based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of the confinement are in fact invalid. The critical inquiry is whether a judgment in favor of the plaintiff in the civil rights case would necessarily imply the invalidity of his conviction or sentence." *Lueck v. Wathen*, 262 F. Supp. 2d 690, 696 (N.D. Tex. 2003) (citing *Heck*, 512 U.S. at 485-87); *see also, Parvin v. Campbell,* 641 F. App'x. 446, 449 (6th Cir. 2016). In the instant case, were Plaintiff to prevail on his claims, it would necessarily imply the invalidity of his criminal conviction. Further, he has not shown, nor has he alleged, that his conviction for robbery has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, Plaintiff has failed to state a claim in his complaint for which relief can be granted.

Further, as to Defendant Chaudry, Plaintiff has pled facts which demonstrate he is not a state actor. To state a claim under Section 1983, a plaintiff is required to show that he has been

deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and that the defendants caused the deprivation while they were acting under color of state law. *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000); *Baker v. Hadley,* 167 F.3d 1014, 1017 (6th Cir. 1999); *Valot v. Southeast Local School Dist. Bd. of Educ.*, 107 F.3d 1220, 1225 (6th Cir. 1997).

Mr. Chaudhry—a private citizen—was not acting under color of state law and so, notwithstanding any other deficiencies with Plaintiff's claim, Plaintiff cannot maintain an action against Mr. Chaudhry under 42 U.S.C. § 1983.

Accordingly, for the reasons stated herein, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED** without prejudice.[1]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

4

Case 1:20-cv-00189-TRM-CHS   Document 9   Filed 02/16/21   Page 4 of 4   PageID #: 31